UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*       No. 23-9379

KAREN VEERASWAMY,
as the Administrator of the Estate of
Velappan Veeraswamy, Deceased,

    *Defendant.*
------------------------------------------------------x

## COMPLAINT

The plaintiff United States of America, with the authorization of a delegate of the Secretary of the Treasury in accordance with the provisions of 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), and at the direction of a delegate of the Attorney General, brings this action to collect civil FBAR penalties, plus statutory additions, which were assessed pursuant to 31 U.S.C. § 5321(a)(5) against Velappan Veeraswamy, Deceased, against the defendant Karen Veeraswamy, as the Administrator of the Estate of Velappan Veeraswamy, Deceased.  The civil FBAR penalties were assessed due to Velappan Veeraswamy's willful failure to timely report his financial interest in, and/or his signatory or other authority over, a foreign bank account at Bank of India for the 2011 year, as required by 31 U.S.C. § 5314 and its implementing regulations. For its complaint, the United States alleges as follows:

### Jurisdiction, Parties, and Venue

1.    The Court has jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

1

2. A substantial part of the events or omissions giving rise to the claims at issue occurred in Queens County, New York. Velappan Veeraswamy ("Velappan") died intestate on or about February 6, 2019, during which time his last known address was in Queens County, New York, within the jurisdiction of the Court.

3. Defendant Karen Veeraswamy, as the Administrator of the Estate of Velappan Veeraswamy, Deceased, ("Karen") is joined as a defendant because she is the surviving spouse of Velappan and resided within the jurisdiction of this Court during the relevant time periods related to the claims at issue in this case. The Surrogate's Court of the State of New York, Queens County, issued Letters of Administration to Karen on April 19, 2019. Karen is being sued in her capacity as the Administrator of the Estate of Velappan Veeraswamy, Deceased.

## Legal Duty to Report Foreign Financial Accounts

4. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial entities. Under the statute's implementing regulations "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists." 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a U.S. person must file a "Report of Foreign Bank and Financial Accounts," commonly known as a "FBAR." *See id*.

6. An FBAR requires a U.S. person to disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the name of the financial institution in which the account is held, the account number, and the mailing

address of the financial institution in which the account is held.  *See* Form TD-F 90-22.1 (the form used for reporting foreign accounts for calendar year 2011).

7. An FBAR is due by June 30th "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).  For the calendar year 2011, FBARs were due by June 30, 2012.

8. Schedule B, Interest and Ordinary Dividends, is an attachment to the federal individual income tax return (Form 1040) that is used for reporting, among other things, interest and dividend income, as well as any financial interest in or signature authority over financial accounts located in foreign countries.  For the tax year 2011, Schedule B referred to the FBAR filing requirement and alerted the taxpayer that if he or she had an interest in or signature or other authority over a financial account located in a foreign country, the taxpayer should see the instructions for exceptions and filing requirements for the FBAR.

9. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for the failure to comply with the reporting requirements of § 5314.  Specifically, § 5321(a)(5)(C) provides for a maximum willful penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

10. The willful FBAR penalties under 31 U.S.C. § 5321(a)(5) are subject to statutory additions, including interest and late-payment penalties pursuant to 31 U.S.C. § 3717.

**Factual Background**

*Early History and Career*

11. Velappan was born in India on May 12, 1949.

12. Velappan immigrated to the United States in the 1980s and became a naturalized citizen of the United States.

13. Prior to immigrating to the United States, Velappan obtained his PhD in Economics in New Delhi, India.

14. In 1987, Velappan built a hospital in Tamil, India, which he operated for approximately two years. He later converted the hospital into the Cambridge College of Arts and Sciences in 2007, as described further in paragraph 16, below.

15. In 1990, Velappan married Karen Veeraswamy, formerly known as Karen Johnson.

16. On or about November 25, 2005, Velappan formed the Veeraswamy Educational Trust, listing himself as a chairperson, and his wife, Karen Veeraswamy, and his nephew, Vishwanathan, as officers of the trust. The deed of trust states that Velappan, Karen, and Vishwanathan shall hold office of the trust for their lifetime or until they resign. The Veeraswamy Educational Trust holds the property for the Cambridge College of Arts and Sciences.

17. During his lifetime, Velappan was a licensed real estate broker. At various times, he operated multiple Subchapter S Corporations and owned residential rental properties in New York City. One such S Corporation was VAAK Properties, which owned an apartment building located at 1135 Boynton Avenue, Bronx, NY ("Boynton Ave property").

18. Velappan sold the Boynton Ave property in 2011 for approximately $6 million. Following the sale of the Boynton Ave property, Velappan transferred $1.2 million of the sale proceeds to his Bank of India Account, described more thoroughly, below, in paragraph 19. Velappan did not report or pay any federal income tax on the gain from the sale of the Boynton Ave property.

*The Indian Bank Account*

19. As early as 2010, Velappan maintained a financial account at Bank of India ending in -0009 and located at Village Hospital Campus, Vettamangalam and PO Karur 639017, Karur – 639017, Tamil Nadu, India ("BoI Account").

20. At all times since the BoI Account was opened, Velappan had a financial and beneficial interest in, and control and signatory authority over, the BoI Account.

21. Velappan routinely transferred funds from his U.S.-based bank accounts at Chase Bank and Capital One Bank to his BoI Account, such as on the following occasions:

   a. On or about July 22, 2010, Velappan transferred $38,000 from his Chase Account ending in -1433 to the BoI Account.

   b. On or about October 12, 2010, Velappan transferred $10,000 from his Chase Account ending in -1433 to the BoI Account.

   c. On or about March 23, 2011, following the sale of the Boynton Ave property, Velappan transferred $1.2 million from his Capital One Account ending in -0161 to the BoI Account.

22. The BoI Account exceeded $10,000 U.S. Dollars during the 2011 year. The account balance for the BoI Account in U.S. Dollars on December 31, 2011, was $620,461.

23. Upon information and belief, Velappan used the funds in the BoI Account to expand the Cambridge College of Arts and Sciences, located in India.

24. The disposition of the funds in the BoI Account is not known to the United States government.

*IRS Examination and FBAR Penalty Assessments*

25. As part of its Title 26 (U.S.C.) examination regarding Velappan's 2010 through 2013 federal income taxes, the Internal Revenue Service conducted a parallel Title 31 examination regarding Velappan's failure to file FBARs for 2010 through 2013.

26. Velappan filed Form 1040, Individual Income Tax Returns, for 2010 through 2013.

27. Masood Rana, an unenrolled tax preparer, prepared Velappan's 2010 through 2013 Form 1040, Individual Income Tax Returns.

28. In an IRS interview of Masood Rana on April 25, 2016, he stated that he asked all of his clients if they had foreign bank accounts and that Velappan answered "No" to this question.

29. In an IRS interview of Velappan Veeraswamy on April 25, 2016, he admitted that he failed to disclose his Indian bank accounts to Mr. Rana.

30. Velappan signed his 2010, 2011, 2012, and 2013 federal income tax returns under penalty of perjury.

31. Velappan did not report on his 2011 federal income tax returns any income or loss from the BoI Account. During 2011, Velappan earned interest income in the amount of at least $18,503.19 from the BoI Account.

32. Velappan included a Schedule B with his tax return for the 2011 tax year. In Part III, Question 7a, Velappan checked the box "No" to indicate that he did not have an interest in or signature or other authority over a financial account located in a foreign country at any time during those years.

33. Velappan failed to file an FBAR for his BoI Account for the 2011 year.

34. On October 24, 2017, the IRS issued Letter 3709 to Velappan with proposed penalties for his failure to file an FBAR for 2011, among other years.

35. On January 9, 2018, the IRS duly made several FBAR assessments and issued Letter 3708 to Velappan once the penalties had been assessed. For the 2011 year, the IRS assessed a willful FBAR penalty in the amount of $275,826 for the BoI account.

36. On or about March 27, 2018, the IRS duly issued a Notice of Deficiency for Velappan's 2012 through 2015 income tax years.

### Chapter 7 Bankruptcy Case

37. On April 12, 2018, Velappan filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code. *See In re Velappan Veeraswamy*, No. 18-42030 (JMM) (Bankr. E.D.N.Y.).

38. Velappan's bankruptcy case was converted to a Chapter 7 case on August 2, 2018.

39. Velappan passed away on or about February 6, 2019, while his Chapter 7 case was ongoing.

40. The IRS timely filed a proof of claim (Claim No. 9-1), dated September 15, 2018, in Velappan's bankruptcy case in accordance with 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001, 3002, and 3003. Claim No. 9-1 included (i) outstanding income taxes assessed against Velappan for the 2012 and 2013 tax years, which were classified as unsecured general claims, and (ii) deficiencies in income taxes determined by the IRS for Velappan's 2012, 2013, 2014, and 2015 tax years, which were classified as unsecured priority claims.

41. The IRS subsequently filed an amended proof of claim (Claim No. 9-2), dated March 30, 2019, adding as unsecured general claims the newly-assessed civil FBAR penalties.

42. On April 2, 2019, Karen Veeraswamy filed an objection in Velappan's bankruptcy case to the allowance under 11 U.S.C. § 502 of IRS's Claims No. 9-1 and 9-2.

43. On April 18, 2019, the United States filed a Response to Karen's Objection to Proof of Claim Nos. 9-1 and 9-2.

44. On April 23, 2019, Karen filed a Notice of Withdrawal of Motion for Objection to Proof of Claim, withdrawing her objection to the IRS's Proof of Claim Nos. 9-1 and 9-2.

45. On June 25, 2021, the IRS filed an amended proof of claim (Claim No. 9-3), reflecting a reduction in the claim for the Velappan's 2014 income tax liability following the exchange of informal discovery between the Chapter 7 Trustee, Lori Lapin Jones, and the United States. Claim No. 9-3 sought $360,013.81 in unsecured priority claims for the 2012, 2013, 2014, and 2015 income tax years and $480,744.45 in unsecured general claims, consisting of penalties and interest for the 2012 and 2013 income tax years and assessed FBAR penalties for the 2010 through 2013 years. The amount of the FBAR penalties remained the same on IRS Proof of Claim Nos. 9-2 and 9-3.

46. On March 5, 2022, Karen filed a second objection in Velappan's bankruptcy case to the allowance under 11 U.S.C. § 502 of IRS Claim No. 9-3.

47. The Chapter 7 Trustee, Lori Lapin Jones, never filed an objection to IRS Claim Nos. 9-1, 9-2, or 9-3.

48. On May 3, 2022, after a hearing, the Bankruptcy Court overruled Karen's objection to IRS Claim No. 9-3. Accordingly, the entirety of IRS Claim No. 9-3 was allowable under 11 U.S.C. § 502(a) as filed. As a result, Karen is barred and estopped from contesting the claims set forth in the IRS proof of claim, including the claim for FBAR penalties for the year 2011 for the BoI Account.

49. On November 21, 2023, Velappan's Chapter 7 case was closed without the entry of a discharge under 11 U.S.C. § 727.

**IRS Calculation of the FBAR Penalty for 2011 and Statute of Limitations for Collection**

50. The 2011 high account balance and June 30, 2012, balance for the BoI Account in U.S. Dollars was as follows:

| Bank | 2011 High Account Balance 03/24/2011 | Balance as of 06/30/2012 |
|---|---|---|
| BoI Account | $1,385,600 | $420,457 |

51. As noted in paragraph 35, above, utilizing the statutory discretion afforded to the Secretary of the Treasury, and in accordance with 31 U.S.C. § 5321, a delegate of the Secretary of the Treasury timely assessed on January 9, 2018, willful penalties against Velappan Veeraswamy in the amount of $275,826 for 2011 for the BoI Account.

52. On or about September 20, 2022, the IRS conducted an administrative remand and partially abated Velappan's FBAR penalties pursuant to 31 U.S.C. § 5321(a)(5)(C) and (D) and in accordance with the Internal Revenue Manual.

53. The IRS adjusted the willful FBAR penalty for 2011 for the BoI Account to be $210,229.

54. Normally, the United States has two years from the date of assessment to file a civil action seeking a money judgment for the FBAR penalties, or by January 9, 2020. 31 U.S.C. § 5321(b)(2). However, since Velappan filed a Chapter 13 bankruptcy petition on April 12, 2018 (which was later converted to a Chapter 7 case), the automatic stay provision in 11 U.S.C. § 362 tolled the statute of limitations while the case was pending. Additionally, the scope of this

9

matter falls within the safeharbor provided by the Bankruptcy Code, 11 U.S.C. § 108(c), to automatically extend the statute of limitations as a matter of law.

55. Further, during Velappan's bankruptcy case, on October 24, 2019, the United States filed a Motion to Lift the Stay in order to file this Complaint. The Chapter 7 Trustee, Lori Lapin Jones, filed an objection to the motion on August 7, 2020, arguing that the plain language of 11 U.S.C. § 108(c) protects the United States' FBAR statute of limitations so the stay should not be lifted. On May 23, 2021, the Bankruptcy Court denied the United States' Motion to Lift the Stay.

56. Velappan's Chapter 7 bankruptcy case was closed on November 21, 2023, so the United States' Complaint is timely under 31 U.S.C. § 5321(b)(2) and 11 U.S.C. §§ 108(c) and 362(c).

## Claim for Relief:
## Reduce 2011 FBAR Penalties for BoI Account to Judgment Against Karen Veeraswamy as the Administrator of the Estate of Velappan Veeraswamy, Deceased

57. The United States is entitled to a judgment in its favor and against Karen in her representative capacity for the 2011 willful FBAR penalty as to the BoI Account in the amount of $210,229.00, plus statutory additions and accruals from and after January 9, 2018.

58. During the 2011 calendar year, Velappan Veeraswamy was a naturalized citizen who resided in Queens County, New York.

59. During the 2011 calendar year, Velappan had a financial interest in, and/or signatory or other authority over, an Indian bank account at Bank of India,

60. As described in paragraphs 22 and 50, above, the BoI Account exceeded $10,000 U.S. Dollars during 2011.

61. Velappan failed to file an FBAR disclosing the existence of the BoI Account for the 2011 calendar year.

62. The failure of Velappan Veeraswamy to file the FBAR with regard to the 2011 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

63. On or about January 9, 2018, a delegate of the Secretary of the Treasury sent Velappan Veeraswamy notice of the assessment of the FBAR penalties and a demand for payment.

64. Despite notice and demand, both Velappan and the Estate of Velappan Veeraswamy have neglected, refused, or failed to fully pay the 2011 FBAR penalties.

65. The United States is only seeking to reduce to judgment the unpaid balance of the 2011 willful FBAR penalty for the BoI Account.

66. The Estate of Velappan Veeraswamy remains liable to the United States for the unpaid balance of the 2011 willful FBAR penalties as to the BoI Account, as well as statutory additions and accruals, including late-payment penalties pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) and accrued interest, in the amount of $296,216.67 as of December 1, 2023, plus statutory additions and accruals from that date until the liability is paid in full.

67. Karen Veeraswamy, as the Administrator of the Estate of Velappan Veeraswamy, Deceased, is liable for the unpaid balance of the 2011 willful FBAR penalty for the BoI Account.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States of America and against defendant Karen Veeraswamy, as the Administrator of the Estate of Velappan Veeraswamy, Deceased, for the willful FBAR penalty for the BoI Account assessed against Velappan Veeraswamy, deceased, including statutory additions and accruals, for the 2011 calendar year, in the amount of $296,216.67 as of December 1, 2023, plus statutory accruals from that date until fully paid; and,

(b) Award the United States of America its costs, and such further relief as the Court deems just and proper.

Dated: December 20, 2023

                                    Respectfully submitted,

                                    DAVID A. HUBBERT
                                    Deputy Assistant Attorney General
                                    Tax Division, U.S. Department of Justice

                                    */s/ Samantha S. Lieb*
                                    SAMANTHA S. LIEB
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    P.O. Box 55
                                    Washington, D.C. 20044
                                    202-616-2901 (phone)
                                    202-514-5238 (fax)
                                    Samantha.Lieb@usdoj.gov

Of Counsel:

BREON S. PEACE
United States Attorney