**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

 ★ MAY 28 2024 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

UNITED STATES OF AMERICA
            *Planitiff,*

            *v.*

   KAREN VEERASWAMY,

as the Administrator of the Estate of
Velappan Veeraswamy, Deceased
            *Defendant.*

-----------------------------------------------------------x

Case No.: 1:23-cv-093790- RPK

Disdrict Judge Rachel P.Kovner

Magistrate Judge Joseph A..Marutollo

**MOTION TO VACATE DEFAULT**,
**VACATE DEFAULT JUDGMENT,**
**MOTION TO DISMISS CASE**.

## MOTION TO VACATE  DEFAULT, VACATE DEFAULT JUDGMENT AND MOTION TO DISMISS CASE

Plaintiff, had obtained a certificate of default in an apparently hurried and questionable manner and is seeking a default judgment for a very big amount of $296,216.67 without due process.

KAREN VEERASWAMY, pursuant to Federal Rules of Civil Procedures Rule 55 (c) and Rule 60 and Rule 12  and pursuant to any other applicable Federal Rules of Civil Procedures and New York State laws moves this Honorable court to vacate the default, vacate default judgment, and dismiss case for the following reasons;

### 1. INSUFFICIENT SERVICE OF PROCESS AND THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

"Proper service of process is necessary before the court can acquire

1

personal jurisdiction over the defendant to a lawsuit.  If service of process is not properly effectuated the court is "...without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void."  Citimortgage, Inc. v. Twersky, 153 A.D.3d 1230 (2nd NY Dep't 2017) A defendant can contest service of process on a motion to dismiss a complaint, inter alia, pursuant to NY CPLR  3211 and/or NY CPLR 5015(a)(4).

- A copy of the summons and of the complaint was not delivered  to the defendant personally;

- A copy of summons and complaint was not left with someone of suitable age and discretion who resides at the defendant's dwelling or usual place of abode.

### "NAIL AND MAIL SERVICE WAS NOT MADE AT DEFENDANT'S "ACTUAL DWELLING" OR "USUAL PLACE OF ABODE"

- 240 W. State Street , Salamanca NY 11479  is not the defendant's  dwelling or usual place of abode. New York State Standard ID shows mailing address and not residential address. ( See  Exhibit A ). Defendant's Karen Veeraswamy's New York State Driver License is Standard ID and not Real ID and not Enhanced ID.( See  Exhibit B )

- 240 W.State Steet, Salamanca NY 11479 is not the defendant's dwelling or usual place of abode. ( See Exhibit C,  Affidavit of Residence )

- The fact and the statement  that 240 W.State Street, Salamanca NY 11479 is not the defendant's dwelling or usual place of abode is also supported by Plaintiff United States of America's statement on Line 5, page 2 of

2

document # 6 filed in this case that states ," the process server reported that the home looked vacant". A vacant home could not be anyone's dwelling or place of abode.

- In the Plaintiff United States of America's "Request for Certificate of Default", document # 8, on the bottom of page 2, Plaintiff states that "Additionally, Mrs. Veeraswamy listed this address in papers filed in an unrelated Tax Court case, Karen Veeraswamy v Commissioner of Internal Revenue, No.23581-22". In that referenced document ( Exhibit D) Defendant Karen Veeraswamy has only stated that, "Petitioner's (Karen Veeraswamy) mailing address ( not residential address) is 240 West State Street, Salamanca 14779" ( Exhibit D)

- Mailing address of defendant was updated to a different address. ( Exhibit E, back side of defendant's driver license), and  (Exhibit F,  DMV Abstract obtained on 4/17/2024, prior to Plaintiff' Request to Certificate of Default, ) Even though the Abstract was obtained on 4/17/2024 for a different purpose, the update on address was made in March 2024, around the alleged dates that process service was attempted.

If needed, documents can be subpoenaed from DMV, to attest or verify the above statement.

<u>THERE WAS NO DUE DILIGENCE IN PROCESS SERVICE</u>

<u>Defendant's "related address":</u> Prior to resorting to substituted "nail and mail" service, Plaintiff did not exercise due dligence as requird by New York State CPLR §308.  Even though Plaintiff was aware of defendant's  "related

address", (document # 6, page 2, line 6 ), the Affidavit of Process Server
(document # 7) does not indicate that any attempt was made to find
defendant or serve papers to the defendant at the "related address". If
service is made pursuant to CPLR 308(4) (substituted "nail and mail") , the
process server must have attempted to make service on the defendant  at
the defendant's "related address" "at different times and on different days
when the defendant could reasonably be expected to be home."  Bank of
America, N.A. v. Batson, 176 A.D.3d 771 (2nd Dep't 2019).  Process server
failed to do so at the defendant's "related address".

- Substitued service of "nailing and mailing" was not made at the
defendant's "related address"

- Nail and Mail service was made at vacant home.

- Plaintiff's attoney Ms.Samantha Lieb is aware of defendant's email
address and over the last few years has communicated with the defendant
on numerous occasions through email and has not emailed the defendant
even once regarding this case, and has essentially failed to communicate
and inform this case to the defendant and failed to ascertain or confirm by
email, the defendant's mailing address or place of residence prior to
attempting service, during service or after service. The above indicate that
due diligence was not exercised to locate, inform and serve the defendant.

- Had the Plaintiff been diligent and  checked defendant's address with the
NYS department of motor vehicle (NYS DMV)  around the time alleged
service was made or prior to applying for the certificate of default (May 10,

4

2024) Plaintiff would have received a different mailing address for defendant from the NYS DMV ( Exhibit F, dated April 17, 2024)

<u>CREDIBILITY OF PROCESS SERVER IS QUESTIONED</u>
<u>TRAVERSE / EVIDENTARY HEARING REQUESTED</u>

- On document # 6, Plantiff's attorney states that first attempt to serve was made on February 10 at one address and that on February 23 another first attempt was made to serve on defendant's another "related" address.

( On his affidavit, the process server neither mentions about the existence of defendant's "related address", nor his attempt to serve defendant at this "related" address on February 23 )

- On document # 6, Plaintiff's attorney notes that during the first attempt to serve was made on February 10, "The process server reported that the home looked vacant".

( On his affidavit, the process server neither mentions his attempt to serve on February 10, nor its reported finding on that day that the home looked vacant )

Most Importantly, in the affidavit ( document # 7) , the process server states that, "Received by Edward Knouse on the 4th day of March, 2024". This statement contradicts the Plaintiff's attorney's statement in document # 6 dated March 8, which states that attempts were made on February 10 and February 23, and that an attempt was made on March 6, and that "the process server intends on making a *third attempt*" . As per affidavit, the process server, received the summons only on March 4, which is after

February 10 and February 23, and as of March 8, ( the date of document # 6 ) the process server made only *one attempt* to serve.the summons.

- The process server, fully aware that the home was vacant, went on to allegedly attempt to serve at vacant home on March 6 and March 14.

- On March 6, "there was no answer at the address"

- On March 12,  at 6:17 PM and 6:19 PM, ( two minutes apart)  he only spoke with an individual who identified as neighbor. The affidavit does not mention if he made an attempt to knock at the door to serve the summons and It is not known if those two individuals are same or different.

- On March 14, "there was no answer at the address"

- On March 16, the affidavit only states that summons were affixed to the front door ( of the vacant home ).  (Vacant home is not anyone's dwelling place or place of abode. Serving at vacant home itself does not comply with NY CVP § 308 (4) that requires "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode")

Essentially, per the affidavit, there was only two instances when "there was no answer at the address", on March 6 and March 14, and both being on weekdays and at vacant home. This is not due diligence as required by ,New York Consolidated Laws, Civil Practice Law and Rules - CVP § 308 (4), prior to attempting to  substituted service.  Also, the defendant vehemently opposes the process server's statement that he "spoke with a neighbor who says subject resides" and defendant  questions the  adequatenes and the  credibility of process server's statement.  The affidavit fails to mention

6

the name and description and the address of the neighbor (s). It is impossible for any "neighbor" or any person for that matter, to say, as alleged in the affidavit, that defedant resides at 240 W.State Street, Salamanca NY 14779, because it is simply not true and not a fact. The process server, also failed to inquire ( the neighbors at three instances) and find out if anyone else other than the defendant lived at the address. This would have atleast satisfied a due diligence to serve per NY - CVP § 308 (2), prior to substituted service.  Process server failed to do so and failed in due diligence

Plaintiff's attorney on document # 8, in the Request for Certificate of Default, delcares under penalty of perjury, that "4. Mrs.Veeraswamy's last known address on file ...........(noting above the date executed "Confirmed address through (DMV), stating that a neighbhor confirmed....."

For the proof of the above statement, Plaintiff's attorney attaches to her declaration a DMV record dated 2/29/2024. But according to the document # 7 (affidavit) , the process server states that " (summons) Received by Edward Knouse, on the 4th day of March, 2024"  ( which is after 2/29/2024) and that he "confirmed address through dmv" on the 3/14/2024. DMV record for 3/14/2024 is not attached to any of the filings.

If needed, defendant requests that evidentary hearing be scheduled to contest or confirm or resolve the issues of neighbors and their statements, service process dates , vacant home and DMV record.

7

## 2.   PLAINTIFF'S CLAIM IS TIME BARRED

Defendant Karen Veeraswamy obtained Letters of Admintration for the estate of Velappan Veeraswamy in April 2019. New York Consolidated Laws, Surrogate's Court Procedure Act - SCP § 1802. "Effect of failure to present claim", states that "If any claim is not presented on or before the day fixed in the notice published pursuant to the preceding section 1 or if no notice is so published, within 7 months from the date of issue of letters, the fiduciary shall not be chargeable for any assets or moneys that he may have paid in good faith in satisfaction of any lawful claims or of any legacies or distributions to the legatees or distributees of the decedent before such claim was presented.  Such 7 month period shall begin on the date letters were first issued to any fiduciary, including a temporary administrator or a preliminary executor, and shall not be interrupted by any subsequent issue of letters, except that the time during which there is no fiduciary in office shall not be counted as part of such period". Plaintiff failed to make any claim within seven months from the date of issuance of letters of Adminintration and accordingly, statute of limitations has run out for Plaintiff to claim from the Administrator of the estate.

## 3. COLLATERAL ESTOPPEL AND INCORRECT DEFENDANT OR FAILURE TO ADD A DEFENDANT under Rule 19

Defendant Karen Veeraswamy obtained Letters of Admintration for the estate of Velappan Veeraswamy in April 2019, primarily to have a standing and to contest claims filed by IRS in bankrupcy case of Velappan

Veeraswamy. Since 2018, Velappan Veeraswamy was in bankruptcy court, and after his death in 2019, his estate was in bankruptcy proceeding until 2023 when the case was closed. (1-18-42030) (EDNY Bankrupcty Court)

Even though defendant Karen Veeraswamy had Letters of Administration for the estate of Velappan Veeraswamy, only the United States Trustees in the bankruptcy cases and their apponited attorneys fully and completely administered the estate of Velappan Veeraswamy. Plaintiff in this case therefore failed to include United States Trustees as defendants.

In Bankrupty case, Plaintiff submitted its claim to the United States Trustees for the payment and not to defendant Karen Veeraswamy. United States Trustee and their attorneys are the administrators for the estate of Velappan Veeraswamy. Under the pricniple of collateral estoppel plaintiiff is barred from making claims to defendant Karen Veeraswamy.

Furthermore, New York Consolidated Laws, Surrogate's Court Procedure Act - SCP § 715. "Application by fiduciary for permission to resign" states that "a fiduciary may present to the court at any time a petition praying that he or she be permitted to resign, that his or her letters be revoked", and having a permanent judgement under the name of defendant Karen Veeraswamy is unjust and unfair. Being the "Administrator" had served no meaningful purpose and defendant is enquiring and considering to resign or request that letters be revoked. Plaintiff can proceed with any case against "Administrator of the Estate of Velappan Veeraswamy" or "John Doe or Jane Doe, Administrator of the Estate of Velappan Veeraswamy" as

9

a defendant and not "Karen Veeraswamy, Administrator of the Estate of Velappan Veeraswamy". Defendant requests that defendant's name be removed from the title of this case.

## 4. PLAINTIFF'S CLAIM IS BARRED UNDER RES JUDICATA AND THIS COURT LACKS JURISDICTION

Plaintiff's claim (FBRAR) in this case was already a part of the claim (Claim # 9-3 , EDNY bankruptcy court 1-18-42030 ) that Plaintiff filed in Debtor Velappan Veeraswamy bankruptcy case. Payment was made to the Plaintiff on that claim # 9-3. Under the priciple of Res Judicata, Plaintiff is barred from making that claim (FBRAR) again in this court. Plaintiff should have asked for and received a judgement in the bankruptcy court. Plaintiff failed to do so. The bankruptcy court has retained jurisdiction on all claims filed at the bankrutpcy case, and therefore this Court has no jurisdiction to hear or re-adjudicate Plaintiff's FBRAR claim. Had Plaintiff filed an appeal from bankruptcy court, this Court would have had jurisdiction on Plaintiff's claim. Plaintiff failed to file an appeal and hence this Court has no Jurisdiction to re-adjudicate Plaintiff's claim.

## 5. VEERASWAMY EDUCATIONAL TRUST

See attached Exhibit G. dated April 22, **2011,** that states that "Karen Veeraswamy has been permaently removed from the permanent TRUSTEE membership and TRUSTEE of Veeraswamy Educational Trust "

See attached Exhibit H. dated in 2019 that states " Whereas Smt. Karen Veeraswamy is a American Citizen has been permanently removed from

trust due to anti-trust activites as per resolution  passed unanimously in meeting held on 22.04.2011 by all Trustees including Managing Trustee".

Plaintiff's statments in the Complaint are incorrect and misleading.

## 6.  ADDITIONAL RELEVANT INFORMATION

Defendant Karen Veerawamy was in matrimonial divorce proceeding since 2011 (13 years ago) and has filed all personal taxes separately since 2009.

Around 2011, ( 13 years ago)  defendant Karen Veeraswamy contacted Internal Revenue Service (IRS ) regarding the tax issues of Velappan Veeraswamy including the FBRAR violations that is the subject of this lawsuit,  but for many years IRS  was tardy and lethargic and never took any meaniful prompt action.

IRS even failed to file claim timely in bankruptcy case. ( IRS filed claim only after the United States Trustee appointed a law firm to represent the Trustees and the Trustee's attorney extended time for creditors to file claim and informed (or invited)  the IRS to file claim)

Debtor Velappan Veeraswamy did not undergo the mandated personal financial management course and failed to file the course completion certificate at the clerks office in bankruptcy case. Citing this as one of the reasons, Karen Veeraswamy, filed motion to dsimiss the bankrucptcy case. But the Untied States Trustees, the real administrators of the estate of Velappan Veeraswamy, opposed the motion to dismiss and that motion was denied. Had the case been dismissed , there would have been a surplus of nearly $400,000.00 ( that was paid to Trustees, Trustee's Attorneys and

other expenses) with which Plaintiff IRS would have been paid. Moreover, it is ironic that the bankrupcty court that denied to dismiss the case for failure to complete personal financial management course, denied debtor the discharge citing his failure to complete the personal financial management course and failure to file the completion certificate.

Attacahed with this motion is Exhibit C, Affidavit of defendant Karen Veeraswamy, attesting to the fact that 240 W.State Street Salamanca, NY 14779 is not the dwelling or usual place of abode for the defendant. ( In contrast, the alleged statments of "neighbors" in process server's affidavit is disputed and are only hearsay, and not be taken as evidence)

WHEREFORE for the foregoing reasons Karen Veeraswamy requests that this Honorable Court vacate default, vacate default judgment and dismiss case.


 Respectfully Submitted,

*Karen Veeraswamy*
-----------------------------------------

KAREN VEERASWAMY (PRO SE)
Email: ammasami@gmail.com


STATE OF _New York_, COUNTY OF _Onondaga_


SWORN TO AND SUBCRIBED BEFORE ME ON _23rd_ DAY OF May 2024

EVAN J KARALUNAS
Notary Public State of New York
Qualified In Onondaga County
No. 04KA6344211
My Commission Expires 06/27/2024

12

# EXHIBIT  A

| ID Features | Standard | Real ID | Enhanced |
|---|---|---|---|
| Can use to enter a Federal building or military base | Not after May 7, 2025 | Yes | Yes |
| Can use to cross U.S. border from Canada, Mexico and some Caribbean countries | No | No | Yes |
| Shows your residential address (where you live) | No, Standard ID shows your mailing address. | Yes | Yes |
| Requires an office visit to get one (if getting an ID for the first time) | Yes | Yes | Yes |
| Requires an office visit to replace or renew | No | No, unless you are changing from a Standard | No, unless you are changing from a Standard |
| Cost (in addition to regular transaction fees) | No | No | Yes - $30 |
| See all | | | |

- ID card fees
- License Renewal Fees
- Renewal Fees

| Displays on the front of the document | NOT FOR FEDERAL PURPOSES<br><br>See sample 'Standard' | <br>See sample 'REAL ID' | <br>see sample 'Enhanced' |
|---|---|---|---|

# EXHIBIT  B



# EXHIBIT  C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA
        *Planitiff,*

        *v.*

 KAREN VEERASWAMY,

as the Administrator of the Estate of
 Velappan Veeraswamy, Deceased
        *Defendant.*
-----------------------------------------------------------x

Case No.: 1:23-cv-093790- RPK

Disdrict Judge Rachel P.Kovner

Magistrate Judge Joseph A..Marutollo

### AFFIDAVIT

I, Karen Veeraswamy, hereby affirms that at least during the period of November 2023 through the end of March 2024,  the house located at 240 W.State Street, Salamanca, NY 14779 was neither my residence nor my dwelling nor my usual place of abode.

------------------------------------------
KAREN VEERASWAMY (PRO SE)
Email: ammasami@gmail.com

STATE OF _New York_, COUNTY OF _Onondaga_

SWORN TO AND SUBCRIBED BEFORE ME ON _23rd_ DAY OF May 2024

EVAN J KARALUNAS
Notary Public State of New York
Qualified in Onondaga County
No. 04KA6344271
My Commission Expires 06/27/2024

1

# EXHIBIT  D

**Received**
11/07/22 06:57 am

**Filed**
11/07/22

KAREN VEERASWAMY,

      Petitioner

      v.

Commissioner of Internal Revenue

      Respondent

Electronically Filed
Docket No. 23581-22
Document No. 1

# Petition

**SERVED 11/08/22**

# UNITED STATES TAX COURT

KAREN VEERASWAMY

                  Petitioner,          Docket No.

    vs.

COMMISSIONER OF INTERNAL REVENUE,

                Respondent.

## PETITION

Karen Veeraswamy ("Petitioner") hereby petitions for the redetermination of the deficiency set forth by the Commissioner of Internal Service ( the "Commissioner") in its notice of deficiency dated August 16, 2022 ( the "Notice of Deficiency"). As the basis of this proceeding, Petitioner alleges as follows:

1. Petitioner is Karen Veeraswamy. Petitioner's mailing address is 240 West State Street, Salamanca, NY 14779.

2. The Notice of Deficiency ( a copy of which is attached and redacted as provided by Rule 27 and marked as Exhibit A) was mailed to Petitioner on or about August 16, 2022 on behalf of the Commissioner by Susan M.Lamastro, Technical Services Territory Manager.

# EXHIBIT  E



# EXHIBIT  F

# State of New York DEPARTMENT OF MOTOR VEHICLES, Empire State Plaza, Albany, New York 12228
## ABSTRACT OF DRIVING RECORD

Document # LSMW0003    VISA 431409                    Total Fee Paid $10.00
PRINT DATE: 04/17/2024 TIME: 12:49:01  OPERATOR: SMW OFFICE: SYS

                                          CLIENT ID#: ~~████~~

VEERASWAMY,KAREN                    DOB: 02/23/1964    SEX: F
~~██~~4 W STATE ST                  HEIGHT: 5-7    EYE COLOR: BROWN
SALAMANCA      NY 14779             COUNTY: CATT
                                   MI #: V05180 94150 151734-64


NAME ON LICENSE/ID:  VEERASWAMY
                     KAREN



LICENSE CLASS: *D*              STATUS:VALID          EXPIRATION: 02/23/2029

********************           ACTIVITY           ********************
CLASS CHANGE: 02/03/1992    NEW: *D*      OLD: *5*

                        *** END OF RECORD ***

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. The record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

ABS-3 (01/19)

*Mark JF. Schroeder*

COMMISSIONER OF MOTOR VEHICLES

# EXHIBIT  G

1



# VEERASWAMY EDUCATIONAL TRUST

College Hospital Campus, Salem, Salem Post, (Reg. 205/2005)
Karur Dist - 639114, Tamilnadu, India
Tel: 04324 275403, Fax: 04324 208254

April 22, 2011

TRUST RESOLUTION



Sent from my iPhone

3

EXHIBIT H



-2-

**WHEREAS** Smt.Karen Veeraswamy is a American Citizen has been permanently removed from trust due to anti-trusties activities as per the resolution passed unanimously in meeting held on 22.04.2011 by all the Trustees including the Managing Trustee.

**WHEREAS** in the original trust deed, Mr.V.Velappan being the Founder Cum Managing Trustee, has nominated Mr.Viswanathan son of Maran as Managing Trustee by way of Letter dated on 03rd October, 2018 due his employment in abroad.

**WHEREAS** Mr.Viswanathan son of Maran has so far run the Trust till date and appointing the following persons as a New Trusteesto run the Trust and it's Institution effectively and efficiently.

01.M.Thangarasu Son of Maran aged about 35 years and residing at No.108, Kunthanipalayam New Colony, Vettamangalam Post, Manmangalam Tk, Karur Dist.

02.S.Lenin Son of Samiappan aged about 42 years and residing at No.34, Kunthanipalayam New Colony, Vettamangalam Post, Manmangalam Tk, Karur Dist.

03.S.Mani Son of Samiappan aged about 37 years and residing at No.1/102B, Athdarvidar Colony, Vettamangalam Post, Manmangalam Tk, Karur Dist.

For Veeraswamy Educational Trust,

H. Viswanathan

Managing Trustee





## CERTIFICATE OF SERVICE

On _5/23/24_ a copy of Motion to vacate default, vacate default

judgement and dismiss case was served upon the Plaintiff's attorney,

Samantha S. Lieb, U.S. Department of Justice, Tax Division, P.O.Box 55,

Washington, DC 20044, by mailing a copy of the the same through USPS.

------------------------------------------
KAREN VEERASWAMY (PRO SE)
Email: ammasami@gmail.com

1

**Extremely Urgent**

KAREN VEERASWAMM
315-688-0071
KAREN VEERASWAMM
244 W STATE ST
SALAMANCA NY 14779-1041

1 LBS       1 OF 1
DWT: 15,5,1

SHIP TO:
CLERK/ PRO SE OFFICE
EASTERN DISTRICT COURT OF UNITED S
225 CADMAN PLZ E
BROOKLYN NY 11201-1832

NY 111 9-50

UPS GROUND
TRACKING #: 1Z 4AR 639 03 2046 6019

BILLING: P/P

XOL 24.04.04       NV45 21.0A 05/2024*