UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA,

            Plaintiff,

      v.                                        **MEMORANDUM AND ORDER**
                                             23-CV-9379 (RPK) (JAM)

KAREN VEERASWAMY, *as the Administrator of the Estate of Mr. Velappan Veeraswamy, Deceased*,

           Defendant.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        The United States brings this action against *pro se* defendant Karen Veeraswamy, as the administrator of the estate of her late spouse, Velappan Veeraswamy, to collect civil penalties pursuant to 31 U.S.C. § 5321(a)(5) for Mr. Veeraswamy's willful failure to report his interest in a foreign bank account for the year 2011. Defendant moved to set aside her default and to dismiss the complaint on a variety of grounds. Magistrate Judge Marutollo issued a report and recommendation recommending that defendant's motion to set aside her default be granted and that her motion to dismiss be denied. For the reasons that follow, defendant's partial objection is overruled, and the report and recommendation is adopted in full.

## BACKGROUND

        Under 31 U.S.C. § 5314 and its implementing regulations, "a United States person with an interest in foreign financial accounts having an aggregate value of more than $10,000 is required each year to file" a Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR." *United States v. Kahn*, 5 F.4th 167, 169 (2d Cir. 2021); *see* 31 U.S.C. § 5314; 31 C.F.R.

1

§§ 1010.350, 1010.306(c).  This report is due "on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).  Any person who willfully violates the reporting requirements of Section 5314 is subject to a civil penalty not to exceed the greater of $100,000 or half the aggregate account balance at the time of the violation.  31 U.S.C. § 5321(a)(5)(C).  The Secretary of the Treasury may assess this penalty "at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed."  *Id.* § 5321(b)(1).  The Secretary may then commence a civil action to recover an assessed penalty, as relevant here, "at any time before the end of the 2-year period beginning on . . . the date the penalty was assessed." *Id.* § 5321(b)(2)(A).

The Court assumes the parties' familiarity with the factual allegations in this case and sets forth only the facts relevant to defendant's objections to the R. & R.  The government alleges that, in the 2011 calendar year, Velappan Veeraswamy maintained a bank account at Bank of India with a balance in excess of $10,000 (over $600,000 as of December 31, 2011).  *See* Compl. ¶¶ 19–22 (Dkt. #1).  Mr. Veeraswamy regularly transferred funds from his U.S.-based bank accounts to this Bank of India account, including a transfer of $1.2 million in March 2011.  *Id.* ¶ 21.  Mr. Veeraswamy failed to file an FBAR for this account for the 2011 year.  *Id.* ¶ 33.

Mr. Veeraswamy filed Form 1040 individual income tax returns for the years 2010 through 2013.  *Id.* ¶ 26.  Masood Rana, an unenrolled tax preparer, prepared Mr. Veeraswamy's tax returns during this period.  *Id.* ¶ 27.  In an IRS interview in 2016, Rana stated that he asked all of his clients if they had foreign bank accounts and that Mr. Veeraswamy had answered "no" when asked; Mr. Veeraswamy also admitted in a 2016 IRS interview that he had failed to disclose his Indian bank accounts to Rana.  *Id.* ¶¶ 28–29.  Mr. Veeraswamy did not report any income or loss on his

2

2011 tax return from the Bank of India account, despite earning interest income of at least $18,503.19. *Id.* ¶ 31. He also checked a box on his 2011 tax return indicating that he did not have an interest in a financial account located in a foreign country at any time during that year. *Id.* ¶ 32.

On January 9, 2018, the IRS assessed a willful FBAR penalty for the Bank of India account. *Id.* ¶ 35. On April 12, 2018, Mr. Veeraswamy filed a Chapter 13 voluntary bankruptcy petition, later converted to a Chapter 7 case. *Id.* ¶¶ 37–38. Mr. Veeraswamy passed away on February 6, 2019; his wife, Karen, is the administrator of his estate. *Id.* ¶¶ 3, 39. The Chapter 7 case was closed without the entry of a discharge under 11 U.S.C. § 727 on November 21, 2023. *Id.* ¶ 49.

On December 20, 2023, the United States brought this action against Karen Veeraswamy, in her capacity as administrator of Mr. Veeraswamy's estate, to recover the willful FBAR penalty plus statutory additions and accruals. *Id.* ¶ 57. The Clerk of Court entered a default against defendant on May 17, 2024. *See* Entry of Default (Dkt. #10).

On May 28, 2024, defendant appeared in the action *pro se* and filed the present motion to set aside her default and to dismiss the government's complaint, *see* Def.'s Mot. (Dkt. #12), which the Court referred to Magistrate Judge Marutollo for a report and recommendation ("R. & R."), *see* July 10, 2024 Order Referring Mot. Liberally construed, the motion argues insufficient service of process, that the government's claim is time-barred under New York state law, that the government failed to include a required party under Rule 19, and that the government's claim is barred under the principles of collateral estoppel and *res judicata*. *See generally* Def.'s Mot.; *see also* U.S. Opp'n (Dkt. #18); Def.'s Reply (Dkt. #21).

On October 11, after defendant's motion to dismiss was fully briefed, defendant moved for a pre-motion conference in advance of an anticipated motion for summary judgment, arguing that the assessed FBAR penalties exceeded the six-year period established by 31 U.S.C. § 5321(b)(1),

3

an argument she had raised for the first time on her reply in support of her motion to dismiss. *See* Mot. for Pre-Mot. Conf. (Dkt. #28); Def.'s Reply 3. Judge Marutollo denied the pre-motion conference but permitted both parties to file supplemental briefs addressing the new timeliness issue. *See* Oct. 23, 2024 Order Granting in Part and Denying in Part Def.'s Mot. for a Pre-Mot. Conf. Defendant filed a supplemental brief the same day, *see* Def.'s Suppl. Br. (Dkt. #33), and the government responded, *see* U.S. Suppl. Br. (Dkt. #37).

Judge Marutollo issued his R. & R. on December 9, 2024. R. & R. (Dkt. #40). In it, he recommends that defendant's motion to set aside the default be granted for good cause, *see* R. & R. 8–15, and that defendant's motion to dismiss, including defendant's supplemental argument that the FBAR penalty was not timely assessed, be denied, *see* R. & R. 15–33. Defendant timely objected to the portion of the R. & R. that recommended her motion to dismiss be denied. *See* Def.'s Obj. (Dkt. #44).

**STANDARD OF REVIEW**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

4

In considering objections to an R. & R., the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019); *see, e.g.*, *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020). "Further, courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020); *see, e.g.*, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990).

When a party proceeds *pro se*, her pleadings must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Defendant objects to the R. & R. on two grounds: that the assessed FBAR penalties exceeded the six-year limitations period established by 31 U.S.C. § 5321(b)(1), and that the government's complaint failed to adequately plead willfulness on the part of Mr. Veeraswamy. *See generally* Def.'s Obj. Because these arguments lack merit, for the reasons explained below, and the Court has found no clear error in the unobjected-to portions of Judge Marutollo's R. & R., the R. & R. is adopted in full.

### I. Timeliness

Construed liberally, defendant's objection argues that the government had six years from the end of the calendar year 2011 to assess a civil penalty under 31 U.S.C. § 5321(b)(1) for Mr. Veeraswamy's failure to file an FBAR. Because the government assessed the willful FBAR penalty on January 9, 2018, more than six years after December 31, 2011, defendant argues that the penalty was untimely. *See* Def.'s Obj. 4–10.

Judge Marutollo's R. & R. correctly rejected this interpretation of Section 5321(b)(1). *See* R. & R. 29–30. Section 5321(a)(5)(A) authorizes the imposition of a civil penalty for violations of the FBAR reporting requirement, stating that "[t]he Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314." 31 U.S.C. § 5321(a)(5)(A). Section 5321(b)(1) then provides that "[t]he Secretary of the Treasury may assess a civil penalty under subsection (a) at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed." 31 U.S.C. § 5321(b)(1). Because an FBAR report disclosing the existence of foreign financial accounts with an aggregate balance exceeding $10,000 is due June 30 of the calendar year following the year in which the accounts were maintained, *see* 31 C.F.R. § 1010.306(c), a violation of the FBAR reporting requirement—the "transaction with respect to which the penalty is assessed"—accrues on that June 30 date, *see United States v. Schwarzbaum*, 24 F.4th 1355, 1365 (11th Cir. 2022) ("The time of an FBAR violation is June 30, the annual FBAR filing deadline." (quotation marks, brackets, and citation omitted)); *United States v. Hendler*, No. 23-CV-3280 (DEH), 2024 WL 4215744, at *2 (S.D.N.Y. Sept. 17, 2024) ("The FBARs at issue in this lawsuit concern accounts [defendant] maintained in 2004 through 2010, meaning the Government's right

6

to levy an assessment regarding [defendant's] failure to file FBARs for the final year in question accrued on June 30, 2011.").

Thus, Section 5321(b)(1)'s six-year period for the government to assess a penalty against Mr. Veeraswamy for a violation of the FBAR reporting requirement for the calendar year 2011 began running on June 30 of the calendar year following the year in which the reportable accounts were maintained—*i.e.*, on June 30, 2012. *See United States v. Horowitz*, 978 F.3d 80, 91 (4th Cir. 2020) ("The Horowitzes were required to file their FBAR for 2007 by June 30, 2008, and their FBAR for 2008 by June 30, 2009. Their failure to do so by those dates triggered a six-year period during which the government was required to assess any civil penalty."); *United States v. Bussell*, No. 15-CV-2034 (SJO) (VBK), 2015 WL 9957826, at *6 (C.D. Cal. Dec. 8, 2015) ("The [six-year statute of limitations] began to run on June 30, 2007, . . . [which] represents the Defendant's statutory deadline for reporting her financial interest in the Subject Account for the 2006 tax year."). Because the government assessed the penalty on January 9, 2018, less than six years after June 30, 2012, the penalty was timely under Section 5321(b)(1).

Defendant's contrary interpretation would lead to the unusual result that the government's six-year period to assess a penalty for a violation of the FBAR requirement had begun running before the requirement had been violated. It is black-letter law that a statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued." *Statute of Limitations*, Black's Law Dictionary (12th ed. 2024); *see also City of Pontiac Gen. Emps.' Retirement Sys. v. MBIA, Inc.*, 637 F.3d 169, 175 (2d Cir. 2011) ("A statute of limitations . . . extinguish[es] a plaintiff's remedy after he has slept on his claim for a prolonged period of time, failing to bring suit within a specified period of time after his cause of action accrued." (quotation marks and citation omitted)). "[I]t would make no sense for a statute of

7

limitations to begin to run before the plaintiff even has a claim." *City of Pontiac Gen. Emps.' Retirement Sys.*, 637 F.3d at 175. "Only after a plaintiff can adequately plead his claim can that claim be said to have accrued, and only after a claim has accrued can the statute of limitations on that claim begin to run." *Ibid.*

Because the six-year period to assess a penalty for Mr. Veeraswamy's violation of the FBAR requirement for the calendar year 2011 began running on June 30, 2012, the government's January 9, 2018 penalty was timely assessed.

**II.     Willfulness**

Defendant's objection argues that the government's complaint failed to adequately plead willfulness on the part of Mr. Veeraswamy. Defendant offers two arguments: that the fact that Mr. Veeraswamy consulted with an accountant to file his 2011 tax returns shows a lack of willfulness, and that the government neglected to plead that Mr. Veeraswamy did not participate in the IRS's Offshore Voluntary Disclosure Program ("OVDP"). *See* Def.'s Obj. 1–3. Neither of these arguments was presented to Judge Marutollo. *See generally* Def.'s Mot.; Def.'s Reply; Def.'s Suppl. Br. Accordingly, these arguments are forfeited. *See Fischer*, 968 F.3d at 221; *Gladden*, 394 F. Supp. 3d at 480.

In any event, these arguments are meritless. "[W]here willfulness is a statutory condition of civil liability," the Supreme Court has "generally taken it to cover not only knowing violations of a standard, but reckless ones as well." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). Accordingly, the "overwhelming weight of authority" indicates that a taxpayer's recklessness is adequate to establish willfulness in Section 5321(a)(5). *United States v. Gentges*, 531 F. Supp. 3d 731, 743 (S.D.N.Y. 2021) (collecting cases). As Judge Marutollo found, the government's complaint plausibly alleges that Mr. Veeraswamy's violation of the FBAR requirement was either

8

reckless or knowing. *See* R. & R. 27–28. The mere fact that Mr. Veeraswamy consulted an accountant while preparing his 2011 tax return does not foreclose a finding of willfulness, *see, e.g.*, *Gentges*, 531 F. Supp. 3d at 750–51 (collecting cases); *United States v. Reyes*, No. 21-CV-5578 (MKB), 2024 WL 437096, at *6–7 (E.D.N.Y. Jan. 10, 2024), especially where, as here, the government has alleged that the taxpayer falsely denied to his accountant that he had any foreign accounts, Compl. ¶¶ 28–29.

Finally, defendant's argument that the government failed to allege that Mr. Veeraswamy did not participate in the OVDP—a program established by the government for certain tax years to encourage tax evaders to voluntarily disclose their offshore accounts and pay back taxes to reduce potential civil and criminal liability, *see United States v. Kelly*, 92 F.4th 598, 601 (6th Cir. 2024)—is a non sequitur. The government's burden in its complaint is to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It has done so. It is possible for a person to be held liable for a willful FBAR violation even if he participates in the OVDP. *See, e.g.*, *Kelly*, 92 F.4th at 604–05. Defendant has pointed to no authority suggesting that the government's failure to specifically allege whether a particular taxpayer has or has not participated in the OVDP in an FBAR penalty action renders its complaint legally deficient.

## CONCLUSION

For the foregoing reasons, defendant's objections are overruled, and Judge Marutollo's R. & R. is adopted in full. Defendant's motion to set aside the clerk's entry of default is granted, and her motion to dismiss is denied.

SO ORDERED.

                                              /s/ Rachel Kovner
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: February 10, 2025
       Brooklyn, New York