UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

KAREN VEERASWAMY, *as the Administrator of the Estate of Mr. Velappan Veeraswamy, Deceased*,

                    Defendant.
---------------------------------------------------------------------x

**MEMORANDUM & ORDER**

23-CV-9379
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Following extensive litigation, on November 24, 2025, the Court ordered *pro se* Defendant Karen Veeraswamy to appear for a continued deposition at the Theodore Roosevelt United States Courthouse in Brooklyn on December 4, 2025 at 11:00 a.m.  *See* Text Order dated Nov. 24, 2025.  The Court twice cautioned Defendant that her failure to appear at the continued deposition will result in a sanction prohibiting her from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit.  *See id.*; *United States v. Veeraswamy*, No. 23-CV-9379 (RPK) (JAM), 2025 WL 3187284, at *10 (E.D.N.Y. Nov. 14, 2025).  At the scheduled date and time of the continued deposition, the Government appeared with a court reporter.  Defendant failed to appear.  The Government orally renewed its motion for sanctions citing, *inter alia*, Dkt. Nos. 77 and 97, and moved for reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C).  Minute Entry dated Dec. 4, 2025.

      Federal Rule of Civil Procedure 37(b) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery[,] . . . the court where the action is pending may issue further just orders . . . [including] prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P.

37(b)(2)(A)(ii). For the reasons set forth below, the Court grants in part and denies in part the Government's renewed motion. The Court sanctions Defendant pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii), to wit: Defendant is prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," including introducing her own testimony through an affidavit.

I.      **Relevant Background**

The history of Defendant's conduct has been summarized in the many decisions written in this action, which are incorporated here by reference. *See, e.g.*, *United States v. Veeraswamy*, 347 F.R.D. 591 (E.D.N.Y. 2024); *United States v. Veeraswamy*, 765 F. Supp. 3d 168 (E.D.N.Y. 2025); *United States v. Veeraswamy*, No. 23-CV-9379 (RPK) (JAM), 2025 WL 2740374 (E.D.N.Y. Sep. 26, 2025); and *Veeraswamy*, 2025 WL 3187284.

By way of background, during Defendant's first deposition on May 16, 2025,

> [C]ounsel for the Government contacted the chambers of the undersigned and notified the Court about the status of Defendant's deposition. Minute Entry dated May 16, 2025. At the time of the phone call, Defendant's in-person deposition at the United States Attorney's Office in the Western District of New York was underway, and a court reporter was present to transcribe the call. *Id.*; *see generally* Dkt. No. 97-1 (containing transcribed deposition testimony).
>
>    During the deposition, as represented by the Government and reflected by the deposition transcript (Dkt. No. 97 at 6-8; Dkt. No. 97-1), Defendant initially answered questions, although in a circuitous or otherwise evasive manner. For example, when counsel for the Government asked Defendant if there was "any reason [Defendant would be] unable to tell the truth today?", Defendant responded by objecting to the question, asking that the question be repeated, asserting that she needed clarification, attempting to ask questions in response, and conveying that she did not want to answer the question. Dkt. No. 97 at 6-7; *see, e.g.*, Dkt. No. 97-1 at 4 ("Q. Is there any reason you would be unable to tell the truth today? A. I really need to know what are the reasons."). Defendant also repeatedly attempted to invoke various privileges rather than answering questions, consisting of: "HIPAA" privilege in response to whether there was a medical reason that might prevent her from answering questions truthfully (Dkt. No. 97-1 at 3-4); "personal" privilege and Fifth Amendment privilege in response to where her residential address is located (*id.* at 4-5); and privilege based on "private information" in

2

response to whether she had any bank accounts and what information she knew about Mr. Veeraswamy's bank accounts (*id.* at 17-18). Additionally, Defendant would often remain silent for minutes at a time rather than answering questions, prompting counsel for the Government to note the passage of time on the record and repeat the question. *See, e.g.*, *id.* at 5 (noting that "around five minutes" had passed after the Government asked a question without any verbal response by Defendant).

After the parties took a short break at Defendant's request and went back on the record, Defendant stated that she found the Government's questions to consist of "very personal attacks," that she was "going to take [her] Fifth Amendment [privilege] and not answer anymore of [the Government's] questions," and that the Government should "just write the Fifth [Amendment] and silence to all the answers." *Id.* at 19. Counsel for the Government noted that Defendant then "turned her chair so that her back is facing [counsel] and crossed her arms." *Id.* After additional exchanges between the parties, Defendant then reiterated her invocation of the Fifth Amendment Privilege by stating "[t]he Fifth Amendment to everything, please." *Id.* Defendant did not provide any verbal answers to questions following that statement. *See generally id.*

Due to Defendant's refusals, counsel for the Government proceeded to contact the chambers of the undersigned. *Id.* at 21; Minute Entry dated May 16, 2025. The Court teleconferenced into the call where Defendant, Counsel for the Government, and the court reporter were physically present in the room where Defendant's deposition was taking place. Dkt. No. 97-1 at 21; Minute Entry dated May 16, 2025.

After briefly describing Defendant's conduct prior to contacting the Court, including the absence of any verbal responses from Defendant in response to questions, the undersigned asked Defendant whether she would like to respond to the Government's position. Dkt. No. 97-1 at 22. The undersigned was met with silence from Defendant, and the counsel who was present in the room with Defendant indicated that she "is turned away [] with her arms crossed." *Id.* Counsel further noted that they were seated "at a small table, maybe three feet between [them]," and that counsel believed Defendant could hear the Court's question. *Id.*

The undersigned provided additional opportunities for Defendant to be heard, but Defendant continued ignoring the Court's questions. *Id.* at 22-23. The undersigned then articulated that "if [Defendant] continues to verbally refuse to answer any questions," it "may result in sanctions, including potential default judgment in this case for failure to comply with not only the [Federal] Rules of Civil Procedure but also with this Order." *Id.* at 23. The undersigned additionally noted that although Defendant had the right to assert a Fifth Amendment privilege, that privilege had to be verbally invoked, and that she could not refuse to verbally respond to any requests made in a deposition. *Id.* The undersigned thus ordered Defendant to verbally respond to the Government's questions, and that if Defendant

3

> failed to comply with the Order that the Government could renew or supplement its motion for sanctions accordingly. *Id.* The Court then adjourned the conference with the parties. *Id.*
>
> Despite the undersigned's instruction that she verbally respond to the questions asked for the remainder of her deposition, Defendant continued to refuse to answer questions and remained turned away from counsel. *Id.* at 23-27. At or around 2:53 p.m., Defendant "turned around" and raised her hand, stating that she "object[s] to all of [the Government's] questions," and that she "invoke[s] [her] Fifth Amendment [right] to remain silent throughout." *Id.* at 27. Defendant again conveyed that she did "not appreciate the line of questioning [the Government] had with [her]," and that she was "not feeling well and [she] really need[s] to go." *Id.* Counsel for the Government then stated that Defendant "has left the room and the door is closed behind her, she's walked out." *Id.*
>
> Before ending the deposition, the Government briefly stayed on the record "in case [Defendant] changes her mind and comes back." *Id.* Defendant never returned, and the Government noted on the record its intent "to leave this deposition open, because [the parties] didn't reach [their] full[ ]time." *Id.*

*Veeraswamy*, 2025 WL 2740374, at *6-7. Later, Defendant claimed that the transcript did "not show that [the undersigned] actually made any order" during the May 16, 2025 deposition, despite Defendant citing the portion of the transcript where the undersigned ordered her to verbally respond in the sentence prior. *Id.* at *9.

On September 26, 2025, following the Government's renewed motion for sanctions against Defendant, *see* Dkt. Nos. 77, 97, the Court found that

> Defendant's conduct has demonstrated a consistent disregard, disrespect, and disdain for the opposing party, the Court, and the judicial process in whole. Defendant has unabashedly flouted direct, unequivocal orders for months, despite the Court's continued patience and generosity and affording her myriad opportunities to remedy her behaviors and submissions in light of her *pro se* status.

*Veeraswamy*, 2025 WL 2740374, at *13.

After weighing the factors from *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298 (2d Cir. 2009), the Court imposed the sanction of prohibiting Defendant from supporting or opposing designated claims or defenses and from introducing matters in evidence concerning Interrogatories

4

Numbers 5 and 7, and all eleven of the Government's Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii). *Id.* at *19. The Government served the September 26, 2025 Memorandum and Order on Defendant. Dkt. No. 115.

On October 9, 2025, the Government filed a "reply in opposition," wherein it sought modification of the Court's September 26, 2025 Memorandum and Order regarding potential sanctions for Defendant's conduct at her deposition. Dkt. No. 118. This filing was served on Defendant. *Id.*

On October 21, 2025, the Court held a telephonic status conference in an attempt to determine whether the parties could reach a compromise as to Defendant's deposition. Minute Entry dated Oct. 21, 2025. At this conference, the Government represented that Defendant's deposition was the sole issue remaining before discovery should be closed. Dkt. No. 126 at 2:25-3:6. Defendant maintained that discovery should remain closed. *See, e.g.*, *id.* at 4:17; 5:4-5, 13-14; Dkt. No. 120 ¶ 1. Also at this conference, "Defendant abruptly hung up her phone and exited the conference"; the Court attempted to contact . . . Defendant, but she did not answer her phone." Minute Entry dated Oct. 21, 2025; *see* Dkt. No. 126 at 8:23-9:11 (Defendant interrupting the Court and then disconnecting the call); 9:10-9:16 (the Deputy Clerk attempting to contact Defendant with no answer from Defendant); 9:17-10:7 (the Court noting time and occurrence on the record). A week later, the Government filed a letter requesting renewal of its sanctions motion related to Defendant's conduct at her deposition as well as Defendant's conduct during the court conference on October 21, 2025. Dkt. No. 125. This filing was also served on Defendant. *Id.* at 9. On November 14, 2025, the Court denied the Government's requested sanctions as to Defendant's deposition as premature. *Veeraswamy*, 2025 WL 3187284, at *5. In light of Defendant's *pro se* status, and out of an abundance of caution, the Court ordered as follows:

5

> **Discovery is re-opened solely for purposes of the Government completing Defendant's deposition.** Defendant is given one final opportunity to complete her deposition. Defendant's continued deposition shall occur by **December 9, 2025**. The parties shall meet and confer as to the location of the continued deposition and file a joint status report by **November 21, 2025** as to the location of the deposition. If the parties cannot agree to a location for the continued deposition, the Court will designate the site of the deposition. The Court is inclined to either order that the deposition occur entirely via remote means (e.g., Zoom or similar video-sharing platform) pursuant to Fed. R. Civ. P. 30(e)(4) or at the Theodore Roosevelt United States Courthouse for the Eastern District of New York on a date to be determined by the Court. Defendant is cautioned that her **failure to appear at the continued deposition will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit**.
>
> Defendant shall make a good faith effort to answer the Government's questions during the continued deposition. Defendant is cautioned that her **failure to answer questions in good faith during the continued deposition will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit**.
>
> Defendant is again cautioned that **a blanket invocation of the Fifth Amendment privilege as to every question will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit**.

*Veeraswamy*, 2025 WL 3187284, at \*10 (emphasis in original). The Court directed the Government to serve a copy of the November 14, 2025 Memorandum and Order on Defendant, which the Government did on November 17, 2025. *Id.*; Dkt. No. 130. On November 21, 2025, the Government filed a status report indicating that Defendant—contrary to the Court's November 14, 2025 order—failed to confer with the Government regarding the re-scheduled deposition. *See* Dkt. No. 133; *see also* Text Order dated Nov. 24, 2025.

In response, the Court ordered as follows:

> As Defendant failed to comply with the Court's order by not conferring with the Government regarding the re-scheduled deposition, the Court will order that Defendant's deposition occur on December 4, 2025 at 11 a.m. At that date and time, the parties are directed to appear in Courtroom 11A South of the Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. Given the parties' history of disputes in this matter over the location of

6

Defendant's deposition (*see, e.g.*, Text Order dated April 11, 2025), and as the parties cannot agree to a location for Defendant's deposition, the Court "retain[s] substantial discretion to designate the site of a deposition." *Viera v. United States*, No. 18-CV-9270 (KHP), 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019); *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. 14-CV-5175 (DRH) (AKT), 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016) ("[T]he Court has the discretion to designate the location for depositions."); *see also Adams v. Co-op City Dep't of Pub. Safety*, No. 21-CV-2675 (DEH) (BCM), 2024 WL 1478897, at *12 (S.D.N.Y. Apr. 5, 2024) (directing a deposition to occur at the courthouse); *Palmer v. Penfield Cent. Sch. Dist.*, No. 10-CV-6267L, 2015 WL 1038120, at *4 (W.D.N.Y. Mar. 10, 2015) (same).

The Government—as the party conducting Defendant's deposition—shall be responsible for securing a court reporter or stenographer for Defendant's deposition. **Defendant is cautioned that the failure to appear at the continued deposition will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit.**

Additionally, Defendant failed to respond to the Court's November 17, 2025 order. The Court therefore grants in part and denies in part [Dkt. No.] 131. The Government shall file its dispositive motion by January 20, 2026. Defendant shall file any response by February 20, 2026. The Government shall file any reply by March 2, 2026.

The Government is directed to serve a copy of this Order upon *pro se* Defendant and file proof of service by November 25, 2026.

Text Order dated Nov. 24, 2025. The Government filed proof of service on November 25, 2025.

*See* Dkt. No. 134.[1]

---

[1] Defendant has been served with all orders, and has, indeed, made appearances and filings throughout this litigation. *See, e.g.*, Dkt. No. 12 (Defendant's motion to vacate default judgment); Dkt. No. 17 (Defendant participating in the proposed scheduling order and discovery plan); Minute Entry dated July 11, 2024 (initial status conference where the Government and Defendant appeared in person); Dkt. No. 21 (Defendant's response to Plaintiff's opposition for motion to vacate/dismiss); Dkt. No. 28 (Defendant's motion for a premotion conference); Minute Entry dated Oct. 21, 2025 (Defendant appearing and hanging up the phone); Dkt. No. 115 (Certificate of Service of the September 26, 2025 Memorandum and Order); Dkt. No. 118 (service of the October 9, 2025 "reply in opposition"); Dkt. No. 125 (service of the October 21, 2025 renewed motion for sanctions); Dkt. No. 130 (service of the November 14, 2025 Memorandum and Order); Dkt. No. 134 (service of the November 24, 2025 Text Order).

**II.     Discussion**

The standards for a magistrate judge's authority to issue non-dispositive sanctions under Federal Rule of Civil Procedure 37(b)(2) and the Court's inherent authority to manage its own affairs are discussed in the September 26, 2025 Memorandum and Order (*Veeraswamy*, 2025 WL 2740374) and the November 14, 2025 Memorandum and Order (*Veeraswamy*, 2025 WL 3187284); such discussion is incorporated here by reference.

In brief, Federal Rule of Civil Procedure 37(b)(2) authorizes courts to impose sanctions on parties that fail to comply with discovery orders. The rule provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The types of sanctions include any of the orders listed in Federal Rule of Civil Procedure 37(b)(2)(a)(i) through (vi). Fed. R. Civ. P. 37(d)(3). "Among the sanctions authorized under Rule 37(b)(2)(A) for failure to obey a discovery order is an order 'prohibiting the disobedient party . . . from introducing designated matters in evidence . . . .'" *Dajbabic v. Rick's Cafe Inc.*, No. 12-CV-2808 (NG), 2013 WL 12358516, at *1 (E.D.N.Y. May 15, 2013) (quoting Fed. R. Civ. P. 37(b)(2)(A)(ii)); *see, e.g.*, *Est. of Shaw v. Marcus*, No. 14-CV-3849 (NSR) (JCM), 2017 WL 825317, at *4 (S.D.N.Y. Mar. 1, 2017) (Rule 37 sanctions include "prohibiting the sanctioned party from supporting or opposing claims or defenses or from introducing evidence"); *Pinkney v. Wal-Mart Stores E., Ltd. P'ship*, No. 21-CV-160 (OAW), 2022 WL 3368545, at *3 (D. Conn. Aug. 16, 2022) (same). "Rule 16 also allows a court to 'issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . fails to obey a scheduling or other pretrial order.'" *Pinkney*, 2022 WL 3368545, at *3 (quoting Fed. R. Civ. P. 16(f)(1)(C)).

8

When considering a motion for sanctions, courts evaluate the four *Agiwal* factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal*, 555 F.3d at 302. Although a *pro se* litigant is generally entitled to "special solicitude" before the district courts, they are not immune to the harshest discovery sanctions so long as a warning has been given that non-compliance can result in sanctions. *Id.* (discussing standards for a *pro se* plaintiff); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 452 (2d Cir. 2013) (discussing standards for a *pro se* defendant).

Here, the *Agiwal* factors weigh in favor of sanctioning Defendant. In short, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), Defendant is prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," including introducing her own testimony through an affidavit.

### A. Willfulness

First, Defendant's disobedient conduct is willful. "Non-compliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." *Veeraswamy*, 2025 WL 2740374, at *14 (quoting *Martinez v. City of New York*, No. 16-CV-79 (AMD) (CLP), 2018 WL 604019, at *23 (E.D.N.Y. Jan. 24, 2018)). "Although bad faith is not required to impose sanctions pursuant to Rule 37(b)(2), 'intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.'" *Id.* at *15 (quotations omitted).

Defendant's failure to appear at the December 4, 2025 continued deposition constitutes willful conduct. The Court clearly ordered Defendant to be present at the December 4, 2025

9

continued deposition and provided Defendant with multiple warnings about the potential sanctions for her failure to appear. *Veeraswamy*, 2025 WL 3187284, at *10 (re-opening discovery solely for the continued deposition of Defendant and providing explicit warnings, in bold, that her failure to appear for the same would lead to sanctions); Text Order dated Nov. 24, 2025 (designating the location of the continued deposition at the courthouse, and providing a further warning, in bold, that Defendant's failure to appear at the December 4, 2025 continued deposition would lead to sanctions). Defendant undoubtedly understood the order, as she has acknowledged (and objected to) various other orders throughout this litigation. *See, e.g.*, Dkt. Nos. 120, 128, 135. Finally, Defendant's compliance with discovery is completely within her control.

Indeed, in the September 26, 2025 Memorandum and Order, the Court held that Defendant's repeated failure to comply with the Court's discovery orders alone warrants a finding that her behavior here has been willful. *Veeraswamy*, 2025 WL 2740374, at *15. The Court noted,

> For example, and apart from her non-compliance with discovery orders, Defendant has: ignored and evaded direct questions from the Court during hearings (*see, e.g.*, Minute Entry dated Apr. 7, 2025; Minute Entry dated May 16, 2025); exhibited disrespectful behavior, including abruptly hanging up on the Court during a telephone hearing (*see* Minute Entry dated Apr. 7, 2025); intentionally misrepresented the undersigned's Order during her May 16, 2025 deposition despite transcript evidence to the contrary (*compare* Minute Entry dated May 16, 2025; Dkt. No. 97-1 at 23, *with* Dkt. No. 112 at 3); and otherwise conducted herself in a manner that has substantially delayed litigation, including unnecessary involvement by the Court in scheduling and conducting her deposition (*see, e.g.*, Dkt. Nos. 65, 67, 70-71; Minute Entry dated Apr. 7, 2025).

*Id*.

Defendant's hanging up her phone for the second time at the Court's October 21, 2025 telephone conference—where the Court attempted to resolve this issue without litigation—further demonstrates Defendant's willful conduct and her bad faith in failing to appear at the continued

10

deposition.[2] Further, on November 24, 2025, Defendant failed to confer with the Government regarding the location of the deposition. *See* Text Order dated Nov. 24, 2025. Therefore, Defendant's conduct is willful.

### B. Efficacy of Lesser Sanctions

The Government seeks the remedy of "a sanction prohibiting Ms. Veeraswamy from supporting or opposing claims or defenses by introducing her own testimony (including through affidavit)." Dkt. No. 118 at 2. As explained below, such remedy is appropriate considering the circumstances.

"A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future." *Veeraswamy*, 2025 WL 2740374, at *16 (quoting *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13-CV-6653 (GBD) (JLC), 2015 WL 2250592, at *8 (S.D.N.Y. May 13, 2015)). Here, as discussed in the September 26, 2025 Memorandum and Order, lesser sanctions such as monetary penalties or additional time to comply would not remedy the harm caused by Defendant or deter her future conduct. *Id.* at *17. Specifically,

> Lesser sanctions, such as monetary penalties or additional time to comply, would not remedy the harm caused or deter further misconduct. Monetary sanctions would not address the prejudice suffered by the Government, as critical documents remain undisclosed, leaving it unable to fully pursue its claims. Additionally, given Defendant's established pattern of non-compliance, financial penalties are unlikely to influence her behavior, particularly as they have consistently demonstrated a casual approach to her obligations and a reliance on informal practices.

---

[2] On October 21, 2025, shortly after the Court conference commenced, Defendant repeatedly interrupted and spoke over the Court. The Court advised Defendant that she would be permitted an opportunity to speak but that she was not permitted to speak over the Court. Dkt. No. 126 at 8:25-9:1. In the midst of a question posed by the Court to Defendant, Defendant abruptly hung up her phone and exited the conference. *Id.* at 10:4. The Court attempted to contact Defendant, but she did not answer her phone. *Id.* at 10:5-7. The Court noted that this was the second time in which Defendant has hung up her phone on the Court. Minute Entry dated Oct. 21, 2025.

> Providing additional time or leniency would also prove ineffective. Over the course of ten months, Defendant was afforded multiple opportunities to comply with discovery obligations but failed to do so. Despite repeated orders, she neglected to perform meaningful searches, contact third parties for records, or provide satisfactory explanations for their non-compliance. Allowing further time would only serve to reward Defendant's misconduct and undermine the integrity of the discovery process.

*Id.*

On December 4, 2025, after Defendant failed to appear at her Court-ordered continued deposition, the Government orally renewed its motion for sanctions. *See* Minute Entry dated Dec. 4, 2025. First, the Government sought the sanction of default judgment against Defendant. *Id.* Such relief is inappropriate. The harshest sanction of imposing a default judgment against Defendant is not warranted because a lesser sanction would remedy the discovery violation and deter such conduct in the future. *See Akram v. Mughal*, No. 17-CV-2758 (AMD) (AYS), Dkt. No. 72, at 2 ("Defendant seeks the ultimate sanction—that this Court strike Plaintiff's Complaint. The Court declines to make such an order. However, in view of the serious discovery violations and misrepresentations, this Court orders that Plaintiff be precluded from introducing any evidence at trial, other than the settlement agreement that forms the basis of this action.").

The Government also sought the sanction of precluding Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit. Minute Entry dated Dec. 4, 2025; *see, e.g.,* Dkt. Nos. 118 at 2; 133 at 3. Specifically, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii), the Court sanctions Defendant as follows: Defendant is prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," including introducing her own testimony through an affidavit.

This sanction is narrowly tailored to prevent Defendant from introducing testimony in her favor at the eleventh hour, given that Defendant deprived the Government of the opportunity to question her at deposition through her improper, blanket invocation of the Fifth Amendment privilege at her May 16, 2025 deposition[3] and her failure to appear at the December 4, 2025 continued deposition. *See United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 84-85 (2d Cir. 1995) ("[I]f the litigant's request to waive comes only at the 'eleventh hour' and appears to be part of a manipulative, 'cat-and-mouse approach' to the litigation, a trial court may be fully entitled, for example, to bar a litigant from testifying later about matters previously hidden from discovery through an invocation of the privilege."); *see also Raimey v. Wright Nat. Flood Ins.*, 76 F. Supp. 3d 452, 474 (E.D.N.Y. 2014) (Bianco, J.) ("The sanction is narrowly tailored to the purpose of preventing defendant from further delaying the proceedings by engaging in further expert discovery, because of the prejudice caused to plaintiffs by the failure to comply with the [Court's orders].").

Moreover, this lesser sanction of the preclusion of evidence is not case-dispositive. *Akram*, No. 17-CV-2758 (AMD) (AYS), Dkt. No. 72, at 2 (issuing an Order "that Plaintiff be precluded

---

[3] As discussed in the November 14, 2025 Memorandum and Order, a blanket refusal to answer questions at deposition on grounds that the answers are privileged is an invalid invocation of the Fifth Amendment privilege. *Veeraswamy*, 2025 WL 3187284, at *7 (citing *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (holding that the Fifth Amendment's "protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer")); *Guggenheim Capital, LLC*, 722 F.3d at 453 (citing *Fisher v. United states*, 425 U.S. 391, 409-411 (1976)). "As the Fifth Amendment privilege is not absolute, [the defendant] would still be obliged to provide, *inter alia*, exculpatory responses or non-incriminating responsive documents." *Hoffman*, 406 U.S. at 444-45; *see also Estate of Fisher v. Comm'r*, 905 F.2d 645, 649 (2d Cir. 1990) ("Although Fisher refused on Fifth Amendment grounds to respond to the majority of the discovery questions posed, he did not make an impermissible blanket claim of Constitutional privilege"); *United States v. Schmidt*, 816 F.2d 1477, 1481-82 (10th Cir. 1987) ("Appellants' generalized fear of criminal prosecution for a violation of tax laws . . . is an insufficient basis for asserting a blanket claim of a Fifth Amendment privilege in refusing to produce any of the documents requested by the summonses"); *United States v. Jones*, 703 F.2d 473, 477 n.5 (10th Cir. 1983) ("The Fifth Amendment must be claimed as to specific questions.") (citation omitted).

from introducing any evidence at trial, other than the settlement agreement that forms the basis of this action" as a non-dispositive sanction); *Khatabi v. Bonura*, No. 10-CV-1168 (ER), 2017 WL 10621191, at *2 (S.D.N.Y. Apr. 21, 2017) (holding that the preclusion of evidence is non-dispositive); *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-1095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) ("Orders barring the introduction of certain evidence may also be properly characterized as non-dispositive"); *In re Hurricane Sandy Cases*, 303 F.R.D. 17, 30 (E.D.N.Y. 2014), *aff'd sub nom.*, *Raimey*, 76 F. Supp. 3d at 468 (upholding the sanctions as not case-dispositive).

### C.  Duration of the Non-Compliance

The duration of non-compliance weighs in favor of sanctions. Defendant has been non-complaint since her initial deposition on May 16, 2025—a period of at least six and one-half months.

"Periods of non-compliance as brief as a few months have been held to weigh in favor of dispositive sanctions." *Veeraswamy*, 2025 WL 2740374, at *16; *see also Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (affirming dismissal under Rule 37 where party violated discovery orders for three months and deliberately and persistently violated orders to produce documents and appear for deposition); *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 289 (S.D.N.Y. 2024) (weighing in favor of dismissal where plaintiff violated discovery orders for approximately four months).

Here, the non-compliance period has lasted at least six and one-half months, which weighs in favor of imposing sanctions. And the non-compliance remains ongoing. Defendant has defied court orders since her May 16, 2025 deposition. As summarized in the September 26, 2025 Memorandum and Order, Defendant answered initial questions in an evasive matter; attempted to

14

improperly rely on the Health Insurance Portability and Accountability Act of 1996; invoked the Fifth Amendment privilege in response to where her residential address is located; and then remained silent throughout the rest of the deposition. *Veeraswamy*, 2025 WL 2740374, at *6-7. The Court was conferenced into the deposition, directed Defendant to answer questions, and warned her that the failure to do so could lead to sanctions including a potential default judgment. *Id.* at *7. After adjourning the conference with the parties, Defendant made a blanket objection to all of the Government's questions, "invoke[d] [her] Fifth Amendment [right] to remain silent throughout," and left the deposition. *Id.* Later, Defendant, incredibly, claimed that the Court did not make any order during the deposition, despite citing the portion of the deposition transcript where she was ordered to verbally respond. *Id.* at *9.

Afterwards, on November 14, 2025, the Court provided Defendant one final opportunity to complete her deposition. *Veeraswamy*, 2025 WL 3187284, at *10. In the same order, the Court directed the parties to meet and confer as to the location of the continued deposition by November 21, 2025. *Id.* On November 21, 2025, counsel for the Government reported that Defendant refused to meet and confer. Dkt. No. 133. Three days later, the Court scheduled the continued deposition to occur on December 4, 2025 at 11:00 a.m., and directed the parties to appear at Courtroom 11A South of the Theodore Roosevelt United States Courthouse. Text Order dated Nov. 24, 2025. Despite the Court's order, Defendant failed to appear for the continued deposition. Thus, the duration of Defendant's non-compliance favors sanctions.

### D. The Consequences of Non-Compliance

Finally, Defendant has been repeatedly warned of the consequences of non-compliance. As an initial matter, in its September 26, 2025 Memorandum and Order, the Court already provided Defendant with five warnings that sanctions might be imposed against her for failure to comply

15

with discovery orders. *See Veeraswamy*, 2025 WL 2740374, at *17; *see, e.g.*, Minute Entry dated Jan. 6, 2025 (cautioning Defendant that "should Defendant continue to fail to comply with the Court's orders, then [the Government] may move for further sanctions as necessary" at a telephonic status conference); Minute Entry dated Mar. 13, 2025 (warning Defendant that, should she fail again to comply with the Court's order that the Government would be permitted to renew its motion for sanctions); Minute Entry dated Apr. 7, 2025 (after Defendant hung up the phone during a telephonic court conference, the Court advised Defendant that "should she engage in any similar actions in the future, the Court may issue sanctions against her"); Text Order dated Apr. 10, 2025 ("The Government shall provide a status report by April 22, 2025 of whether Defendant has complied with the Court's orders.  Should Defendant fail to do so, the Court will promptly schedule an in-person conference to discuss the discovery and motion for sanctions."); Dkt. No. 97-1 at 23 ("[I]f [Defendant] continues to verbally refuse to answer any questions," it "may result in sanctions, including potential default judgment in this case for failure to comply with not only the [Federal] Rules of Civil Procedure but also with this Order.").

In addition, on November 14, 2025, the Court re-opened discovery solely for purposes of the Government completing Defendant's deposition, and provided Defendant one final opportunity to do so. *Veeraswamy*, 2025 WL 3187284, at *10.  Defendant was cautioned that her "**failure to appear at the continued deposition will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit.**" *Id.* (emphasis in original).

On November 24, 2025, Defendant further failed to comply with the Court's orders by not conferring with the Government regarding the re-scheduled deposition; the Court, in turn, ordered that Defendant's deposition occur on December 4, 2025 at 11:00 a.m. in Courtroom 11A South of

16

this courthouse.  Text Order dated Nov. 24, 2025.  Defendant was yet again cautioned that "**the failure to appear at the continued deposition will result in a sanction prohibiting Defendant from supporting or opposing claims or defenses by introducing her own testimony, including through an affidavit.**"  *Id.* (emphasis in original).

Despite the myriad explicit warnings, Defendant failed to appear for the continued deposition, leaving the Court no choice but to impose the sanctions described herein.  At bottom, Defendant's "silence speaks loudly that preclusion is the just result."  *Dajbabic*, 2013 WL 12358516, at *1.

### E. Costs

The Government seeks reasonable expenses for travel and other costs related to the December 4, 2025 continued deposition.  Minute Entry dated Dec. 4, 2025.

Federal Rule of Civil Procedure 37(b)(2)(C) also provides for the award of "reasonable expenses, including attorney's fees, caused by the failure" at issue.  But unlike the other provisions of Rule 37, this relief is mandatory "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  *Susana v. NY Waterway*, 662 F. Supp. 3d 477, 493 (S.D.N.Y. 2023) (internal citations omitted).  "[T]he burden is on the violator to show that there was a substantial justification for the violation, or that circumstances would make it unjust to award reasonable expenses to the moving party."  *Id.*

A party's "*pro se* status does not shield the party from the sanction of attorney's fees."  *In re Doresca*, No. 8-16-75006 (LAS), 2024 WL 3874535, at *5 (Bankr. E.D.N.Y. Aug. 16, 2024) (citations omitted); *see also Tripathy v. Schneider*, No. 21-CV-6339 (FPG) (MJP), 2025 WL 79861, at *2 (W.D.N.Y. Jan. 13, 2025) (same).

17

*United States v. Toth*, No. 15-CV-13367 (ADB), 2018 WL 4963172 (D. Mass. Oct. 15, 2018), *aff'd*, 33 F.4th 1 (1st Cir. 2022), proves instructive. In *Toth*, the Government sought to collect a civil penalty assessed against a *pro se* defendant, for her failure to timely report her financial interest in a bank account opened in Switzerland. *Id.* at *1. There, the district court granted the Government's motion for sanctions by deeming certain facts as established against the *pro se* defendant for her persistent violations of court orders, and awarded the Government reasonable expenses, including attorney's fees, under Federal Rule of Civil Procedure 37(b)(2)(C). *Id.* at *3 ("[T]he Court is obligated to grant reasonable expenses under Rule 37(b)(2)(C), and awards to the Government the reasonable costs and attorney's fees incurred in making its motion for sanctions."). Likewise, in *United States v. Millett*, No. 21-CV-47 (M) (DWM), 2023 WL 2344723, at *1 (D. Mont. Mar. 3, 2023), the Government sought a federal tax lien against real property owned by *pro se* defendants. The district court compelled one of the defendants to appear at an in-person deposition after the defendant appeared telephonically and consistently refused to answer questions on relevance grounds. *Id.* at *7. The court further imposed reasonable expenses of the travel costs of the government attorney and the stenographer, but not the government attorney's fees. *Id.* (noting that the defendant "must pay the government's expenses, exclusive of attorney fees, associated with his January 4 deposition. This includes the travel expenses of one government attorney and the costs of the stenographer.").

Like *Toth* and *Millett*, this action involves the imposition of sanctions against Defendant, a *pro se* litigant, where the Government is the plaintiff. Thus, reasonable expenses under Federal Rule of Civil Procedure 37(b)(2)(C), are warranted by Defendant's failure to appear for her continued deposition.

The Government shall file a motion for reasonable expenses or costs in connection with the December 4, 2025 continued deposition, including a memorandum of law, declaration(s), and an itemized statement of expenses, by December 18, 2025. *See In re Doresca*, 2024 WL 3874535, at *4 (permitting supplemental briefing for the amount of reasonable expenses); *Toth*, 2018 WL 4963172, at *6 ("The Government may file an itemized statement of costs judge attorney's fees documenting the costs and fees that it incurred in preparing the amended motion for sanctions within 30 days of this order, should it wish to recover fees and costs."). Defendant is permitted to file a response to the Government's motion for expenses or costs by January 6, 2026.

### III.     Conclusion

Discovery is now closed. Accordingly, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii), the Court sanctions Defendant, to wit: Defendant is prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," including introducing her own testimony through an affidavit.

The Government shall file a motion for reasonable expenses or costs in connection with the December 4, 2025 continued deposition, including a memorandum of law, declaration(s), and an itemized statement of expenses, by December 18, 2025. Defendant is permitted to file a response to the Government's motion for expenses or costs by January 6, 2026.

Dated:     Brooklyn, New York
           December 4, 2025                         **SO ORDERED.**

                                                    ＿＿*/s/ Joseph A. Marutollo*＿＿
                                                    JOSEPH A. MARUTOLLO
                                                    United States Magistrate Judge